Case 2:15-cv-00325   Document 21   Filed in TXSD on 05/26/16   Page 1 of 10
United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-325 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner incarcerated at the Wayne Scott Unit in Angleton, TX.[1] (D.E. 17). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the amount of time credited to his 2003 Nueces County sentence. (D.E. 1). For the reasons stated herein, it is respectfully recommended that this action be **DISMISSED** as time barred and/or successive. It is further recommended that Petitioner's Motion for a Certificate of Appealability be **DENIED**. (D.E. 16).

**I.    JURISDICTION**

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner was convicted by a court located in Nueces

---

[1] At the time of filing, Petitioner was incarcerated at the Stringfellow Unit in Rosharon, TX. (D.E. 1, Page 1).

County, Texas. Therefore, this matter was properly before this Court at the time of filing. 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On September 19, 2000, Petitioner pleaded guilty to aggravated assault and was placed on deferred adjudication probation for a term of five years. (D.E. 11-10, Pages 77-78). Petitioner did not appeal this judgment. After violating the terms and conditions of his probation, Petitioner was found guilty of aggravated assault on July 24, 2003 and sentenced to twelve (12) years' imprisonment. (D.E. 11-10, Pages 81-83). On December 12, 2008, Petitioner was released on parole. (D.E. 11-1, Page 2). Petitioner was arrested on November 25, 2012, on a pre-revocation warrant and his parole was revoked on December 19, 2012. (D.E. 11-1, Page 2). On April 4, 2013, Petitioner was sentenced to two additional years' imprisonment for assault-family violence for an offense occurring on November 11, 2012. (D.E. 11-1, Page 2). On May 7, 2013, Petitioner received a Commitment Data Form indicating he was out of custody for 1,138 days, that he was denied street time credit pursuant to Tex. Gov.'t Code 508.283(b) and his maximum sentence expiration date was March 30, 2018. (D.E. 11-10, Page 40 and D.E. 15, Page 2). Approximately two months later, on July 12, 2013, Petitioner filed a time credit dispute with TDCJ's Classification and Records Division. (D.E. 11-10, Page 41). On July 29, 2013, the Classification and Records Division determined Petitioner's sentence was correctly calculated. (D.E. 11-10, Page 41). On March 3, 2015, Petitioner filed a state habeas application challenging the amount of street time credited to his sentence. (D.E. 11-10, Pages 4-21). On May 20, 2015, the Texas Court of Criminal Appeals

denied relief without written order on the findings of the trial court without a hearing.[2] (D.E. 11-9). Petitioner filed the pending action on July 20, 2015.[3] (D.E. 1, Page 10). On September 30, 2015, Respondent filed the pending Motion to Dismiss and Petitioner filed his responses on November 2, 2015 and January 20, 2016. (D.E. 12, 15 and 20).

### III.  PETITIONER'S ALLEGATIONS

Petitioner alleges he is entitled to relief because:

1. The trial court and the Texas Court of Criminal Appeals did not hold a hearing to investigate the facts of the case;

2. His street time credit was illegally confiscated;

3. The incorrect statute is being used to deny him street time credit; and

4. The trial court judgment is void because there was no serious bodily injuries or deadly weapon shown at trial. (D.E. 1, Pages 6-7).

Petitioner requests this Court hold an evidentiary hearing and/or order the Respondent to credit his street time. (D.E. 1, Page 7).

### IV.  RESPONDENT'S MOTION TO DISMISS

Respondent asserts this action should be dismissed as time barred and/or as successive. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which

---

[2] On April 8, 2015, the trial court found, in relevant part, that there was no need "for an evidentiary hearing or further expansion of the record because there is ample evidence in the record to rule on the relief sought;" pursuant to Gov't Code § 508.149(a) Petitioner was not entitled to street time credit for the time he spent on parole prior to revocation under Gov't Code § 508.283(b); and TDCJ properly calculated Petitioner's sentence and Petitioner "must serve the remaining portion of his sentence without credit for the time he spent on parole prior to revocation." (D.E. 11-10, Page 62).

[3] The petition was signed on July 20, 2015 and received by the Court on July 27, 2015. (D.E. 1); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)(A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

establishes a one year statute of limitations period runs from the latest of four alternative dates:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review. 28 U.S.C. § 2244(d)(2). Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Based on the pleadings before the Court, the timeliness of Petitioner's action will be evaluated under § 2244(d)(1)(D) for those grounds relating to his 2012 parole revocation and, to the extent Petitioner is challenging his underlying conviction in 2000, under § 2244(d)(1)(A). *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Because the record does not reveal that any state-created impediment prevented Petitioner from timely filing his federal petition, and because he does not base his petition on a newly recognized constitutional right, subsections (B) and (C) are not relevant to this action.

As argued by Respondent, Petitioner could have discovered the "factual predicate" of his time credit claims relating to his revocation, at the latest, when he received the Commitment Data Form from TDCJ on May 7, 2013. 28 U.S.C. § 2244(d)(1)(D); (D.E. 11-10, Page 40 and D.E. 15, Page 2). Therefore, absent statutory tolling, the time for bringing the present petition regarding the calculation of his sentence ran on May 7, 2014. However, this period was tolled from July 12, 2013 through July 29, 2013 when Petitioner filed a time credit dispute with TDCJ's Classification and Records Division, extending the deadline for filing a federal petition to May 26, 2014.[4] *Stone*, 614 F.3d at 138 (limitations period is tolled during the pendency of a TDR up to 180 days). Petitioner's state habeas application, filed on March 13, 2015, was over nine months after limitations had expired and therefore, did not operate to toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed the pending federal action on July 20, 2015. (D.E. 1). Therefore, the one year statute of limitations period to bring this action, pursuant to 28 U.S.C. § 2244(d)(1)(D), expired over thirteen months before Petitioner brought the present action.

However, the one year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010)(citations omitted); *see also Palacios v. Stephens*, 723

---

[4] May 24, 2014, was a Saturday.

F.3d 600, 604 (5th Cir. 2013)(citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)(citations omitted)).  "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."  *Id*.; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013)(citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002)(It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.")(citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling.  *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999)(citation omitted).

Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim.  While Petitioner alleges he "was suffering from a mental breakdown" from July 29, 2013 to July 28, 2014, the records Petitioner provides indicate he was under "direct observation due to mental health issues in 2014" for less than one month, from March 28, 2014 through April 22, 2014. (D.E. 15, Pages 3-4 and D.E. 15-1, Page 1).  During this time, Petitioner was housed in the Jester IV Mental Health Unit, where he alleges he did not have access to a legal library or his legal materials.  (D.E. 15, Page 3 and D.E. 15-1, Page 1).  While the Fifth Circuit has recognized that mental illness may toll AEDPA's one-year statute, there is no *per se* rule that mental illness mandates tolling. *Fisher v. Johnson*, 174 F.3d 710, 713-15 (5th Cir. 1999)(17 day stay in a psychiatric ward did not warrant equitable tolling for those 17 days); *see Smith v. Kelly*, 301 Fed. App'x 375, 2008 WL 5155222 at **3-4 (5th Cir. Dec. 9, 2008)(conclusory allegations of mental illness are insufficient).

Petitioner has not made any showing of incompetence or that the purported mental illness affected his ability to timely file a federal habeas petition.  Further, Petitioner's "brief period of incapacity during a one-year statute of limitations" does not warrant equitable tolling for the 25 days petitioner was housed at the Jester IV Unit.  *Fisher*, 174 F.3d at 715.  "The period during which [Petitioner] could not work on his federal habeas petition…is not a significant length of time."  *Id*.  Further, Petitioner had over one month "to complete his federal habeas petition after his return to his usual quarters."  *Id*.

Additionally, even if Petitioner's mental ailments tolled the limitations period immediately following the denial of his time credit dispute on July 29, 2013 through April 22, 2014 when he returned to his regular unit after being housed at Jester IV, his federal petition would still be time barred by approximately one month as he did not file his state habeas petition until March 13, 2015, approximately 11 months after his return and, after this petition was denied on May 20, 2015, he delayed an additional two months before filing the pending federal petition on July 20, 2015.

Further, as to Petitioner's last ground for relief challenging his underlying conviction in 2000, it is respectfully recommended that this ground be dismissed as time barred by more than thirteen years and as successive.  *See Jackson v. Director*, Civil Action. No. 6:06-cv-90, ECF No. 15, at 5-7 (United States District Judge John Rainey finding this Petitioner's challenge to his underlying sentence was time barred and not entitled to tolling).

In short, Petitioner did not diligently pursue his rights.  Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the

last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, except as described above, it is respectfully recommended that Petitioner's first three grounds for relief should be dismissed as time barred.

V.     **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Petitioner has filed a Motion for Certificate of Appealability. (D.E. 16). A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of

8 / 10

denial of a constitutional right or that the assessment of limitations and exhaustion in this case is debatable.  Therefore, it is further recommended that a COA be **DENIED** because he has not made the necessary showing for issuance.

## VI.     RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion to Dismiss (D.E. 12) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED as time barred**.  It is further recommended that Petitioner's Motion for Certificate of Appealability (D.E. 16) be **DENIED**.

ORDERED this 26th day of May, 2016.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).